UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MURRAY LAMONT KING, JR.,

                          Plaintiff,              DECISION AND ORDER

      -vs-                             18-CV-6586-MJP

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

---

## INTRODUCTION

Murray Lamont King, Jr. ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States Magistrate Judge. (ECF No. 19.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 13 & 17.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On November 5, 2012, Plaintiff protectively filed an application for SSI alleging disability as of March 6, 2010, including multiple gunshot wounds,

mental health issues, back problems, hip problems and a knee injury. (R.[1] 105, 49.) The Social Security Administration denied Plaintiff's claim on February 20, 2013. (R. 48–67.) On July 8, 2014, a hearing was held before an Administrative Law Judge ("A.L.J."). (R. 414.) Plaintiff participated in the hearing and was represented by counsel. (R. 414.) A vocational expert was also present at the hearing. (R. 414.) The A.L.J. issued an unfavorable decision on August 11, 2014. (R. 433–43.) The Appeals Council denied Plaintiff's request for review (R. 1.), after which Plaintiff appealed to this Court. On April 11, 2016, the Honorable Michael A. Telesca remanded the case, citing three specific issues to be addressed in further proceedings, with judgment entered on April 12, 2016. (R. 477–90, 491.) The Appeals Council remanded the case to the A.L.J. (R. 492.)

On September 26, 2017, a second hearing was held before the same A.L.J. who held the first hearing. (R. 385–413.) Plaintiff appeared with counsel. (*Id.*) Vocational Expert Peter Mann was also present and testified at the second hearing (*Id.* at 385.) The A.L.J. issued a second unfavorable decision on April 13, 2018. (R. 365–78.) Plaintiff commenced the present action on August 13, 2018. (Complaint, ECF No. 1.)

---

[1] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also*

*Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

>   (1) whether the claimant is currently engaged in substantial gainful activity;
>
>   (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
>   (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
>   (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
>   (5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to

'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review, both relating to the A.L.J.'s RFC determination. First, Plaintiff asserts that the A.L.J.'s mental RFC is not supported by substantial evidence and resulted from legal errors. (Pl.'s Mem. of Law at 1, Apr. 26, 2019, ECF. No. 13-1.) Plaintiff contends that the A.L.J. failed to follow this Court's instructions upon prior remand and that he also failed to properly weigh the remaining psychological opinion evidence, which rendered the RFC unsupported by substantial evidence. (*Id.*). The second issue Plaintiff raised is that the A.L.J.'s physical RFC is not supported by substantial evidence and resulted from legal error. (*Id.*). For the reasons set forth below, the Court finds that this case must be remanded for a further hearing.

***The A.L.J. Failed to Comply with the Directives of both this Court and the Appeals Council Provided on Prior Remand of this Case and the RFC is Not Supported by Substantial Evidence.***

An A.L.J.'s failure to comply with the Appeals Council's remand order for further proceedings consistent with the order of the court—here, Judge Telesca's April 11, 2016 Decision and Order—constitutes reversible error. *Daumen v. Berryhill*, 17-CV-514-HBF, 2018 WL 6380385, at *5 (W.D.N.Y. December 6, 2018) (remanding case where A.L.J. failed to comply with the Appeals Council's specific instructions on initial remand); *Elvis v. Colvin*, 29

5

F. Supp. 3d 288, 299 (W.D.N.Y. 2014) (A.L.J.'s refusal to comply with Appeals Council's directives on remand is erroneous as a matter of law); *Scott v. Barnhart*, 592 F. Supp. 2d 360, 370 (W.D.N.Y. 2009) (remanded for failure to "to comply with the directives of the Appeals Council and deal with the deficiencies identified there."). Indeed, 20 C.F.R. § 404.977(b) provides: "The administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." (emphasis added.)

In this Court's Decision and Order, dated April 11, 2016, (R. 477–90), Judge Telesca found that he was "unable to conclude that the RFC assessment [was] based on substantial evidence." (R. 484.) The Court remanded the A.L.J.'s August 11, 2014 decision, specifically directing the A.L.J. to "request a mental RFC assessment from one of Plaintiff's treating psychiatrists, to re-weigh the opinions of Plaintiff's treating therapists, and to reconsider Plaintiff's RFC in light of the *entire* record." (R. 490.) (emphasis in original.) The Appeals Council thereafter remanded the case "to an Administrative Law Judge for further proceedings consistent with the order of the court." (R. 494.) The Court finds that on remand, the A.L.J. failed to adhere to the last directive contained in Judge Telesca's Decision and Order regarding reconsidering Plaintiff's mental RFC, thereby failing to comply with the Appeals Council's order. This is erroneous as a matter of law and remand is warranted.

6

Judge Telesca directed the A.L.J. to reconsider Plaintiff's RFC because there was a disconnect between the mental assessments of Plaintiff conducted by Licensed Master Social Worker ("LMSW") Shannon Mackey and the A.L.J.'s RFC determination. (R. 482–84.) In connection with the medical assessments, LMSW Mackey completed forms that indicated that Plaintiff was "Moderately limited," defined on the form as "Unable to function 10–25% of the time." (R. 241, 246, 483.) Specifically, on June 2, 2011, LMSW Mackey found that Plaintiff was moderately limited in two functional areas: performing simple and complex tasks independently and performing low stress and simple tasks. (R. 241.) In a later assessment on February 27, 2012, LMSW Mackey included the same two limitations listed above, but also added that Plaintiff is moderately limited in his ability to understand and remember simple instructions and directions. (R. 246.) During the hearing conducted on July 8, 2014, a vocational expert testified that an individual with the moderate limitations (*i.e.*, worst case being off-task 25% of the day) assessed by LMSW Mackey would not be able to sustain employment over time. (R. 430.)

The A.L.J. gave "some weight" to LMSW Mackey's February 2012 opinion, crediting that "her finding that the claimant has moderate psychiatric limitation is supported by the record" but discrediting LMSW Mackey's finding that Plaintiff was precluded from working for 3 to 6 months as it was not supported by the record. (R. 441.) Ultimately, the A.L.J. found that Plaintiff had the capacity to perform simple work, which contradicts LMSW Mackey's

assessment that Plaintiff was moderately limited—off-task 10–25% of the time—and the vocational expert's finding that an individual with this limitation would be unemployable. (R. 430; 439.) In other words, the A.L.J.'s conclusion that Plaintiff could perform simple work, is contradicted by the weight he gave to LMSW Mackey's February 2012 assessment and, therefore, Judge Telesca found that the A.L.J.'s RFC was not supported by substantial evidence. (R. 484.)

The Court agrees with Plaintiff that the A.L.J. failed to follow the directives of this Court and the Appeals Council upon remand with respect to reassessing the RFC and in particular failed to properly weigh LMSW Mackey's opinion on remand. (Pl.'s Mem. of Law at 21.) The RFC determined by the A.L.J. following the second hearing is as follows:

> claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with the following limitations: occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk about two hours in an eight hour workday; sit about six hours in an eight hour workday; occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders ropes scaffolds; understand, remember, and carry out simple instructions and tasks; occasionally interact with co-workers and supervisors; never work in conjunction with co-workers; little to no contact with the general public; able to work in a low stress work environment (*i.e.* no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and is able to consistently maintain concentration and focus for up to two hours at a time.

(R. 370.)

With respect to re-evaluating LMSW Mackey's opinion, the A.L.J. acknowledged that LMSW Mackey found Plaintiff to be "moderately limited (defined as unable to function 10%–25% if the time) in the capacity to perform simple and complex tasks independently, and perform low stress and simple tasks." (R. 371.) Confusingly, despite this acknowledgment, the A.L.J. referred to the cited limitations as "not overly restrictive." (R. 371.) The A.L.J. then accorded "some weight" to LMSW Mackey's opinions based upon the treating relationship, but found that LMSW Mackey's "opinion of only moderate functional limitations is not consistent with the conclusory opinion that the claimant is unable to work." (R. 371–72.)

The Court finds that the A.L.J. once again utilized his own understanding of the word "moderate" instead of that defined on the forms completed by LMSW Mackey. This is evident given that the A.L.J. found that LMSW Mackey's finding of moderate limitations was inconsistent with her "conclusory opinion that claimant is unable to work" despite the fact that the form completed by LMSW Mackey indicated that Plaintiff was unable to function 10–25% of the time. (R. 371–72.) Further, the A.L.J. concluded that the limitations assessed by LMSW Mackey were "not overly restrictive." (R. 371.) Also at odds with the A.L.J.'s conclusions is the testimony given by the vocational expert:

> Q. (Att'y) So, if the claimant were unable to maintain attention and concentration for work tasks between ten and 25 percent of the time, they would be precluded from performing—
>
> A. (VE) All unskilled work.

9

> Q. All unskilled work, including—
>
> A. Twenty-five percent, you have to go with the worst-case scenario and that's very high. I'd say no work.

(R. 410.)

The Commissioner cites to case law from the Second Circuit and the Northern District of New York for the definition of "moderate limitations." (Commissioner's Mem. of Law at 22, July 24, 2019, ECF No. 17-1.) However, this argument misses the mark because in this case the controlling definition was already contained on the form completed by LMSW Mackey. In sum, the RFC does not comport with LMSW Mackey's opinions or the vocational expert's assessment. Once again, the A.L.J. seems to have applied his own definition of "moderate" rather than that word as defined on LMSW Mackey's form when making the RFC determination.

As Plaintiff points out (Pl.'s Mem. of Law at 22–23), the new RFC is almost identical to the previous one, except that the A.L.J. added that Plaintiff is "able to work in a low stress work environment (*i.e.* no supervisory duties, no independent decision-making required, no strict production quotes, minimal changes in work routine and processes, *etc*." (R. 370.) It is unclear why the A.L.J. added this to the RFC as he provides no explanation for doing so. And, in any event, this functional limitation does not reconcile LMSW Mackey's functional limitations with the A.L.J.'s RFC. The A.L.J. also inexplicably retained his finding in the RFC that Plaintiff can "understand, remember, and carry out simple instructions and tasks," despite LMSW

Mackey's finding that Plaintiff was moderately limited in his ability to perform simple and complex tasks independently. (R. 246.) For these reasons, the Court finds that the A.L.J.'s determination that Plaintiff was not disabled is not supported by substantial evidence. The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of his motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 13), and denies the Commissioner's motion for judgment on the pleadings (ECF No. 17). The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

DATED: March 6, 2020
Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge